# Exhibit 2

STATE OF MAINE                                    DOCKET NO: $R OCSC-CV-2022-6$
COUNTY OF KNOX

LINDA VAN ECK, and                               MAINE SUPERIOR COURT
JAN VAN ECK,
          Plaintiffs,

v.

AMERICAN SECURITY INSURANCE
COMPANY, a Delaware Corporation, and
CITIZENS BANK, NATIONAL ASSOCIATION,
a National Association bank;
          DEFENDANTS

## **COMPLAINT**

For their COMPLAINT, the plaintiffs LINDA VAN ECK and JAN VAN ECK

[hereinafter collectively: "Plaintiffs"] allege as follows:

**ALLEGATIONS COMMON TO ALL COUNTS HEREIN**

1.      At all material times, Plaintiffs are residents of the State of Maine and the County

of Knox, and have purchased a certain Residence [hereinafter: "the Property"] located within

said County for their personal use and quiet enjoyment.

2.      From the time of acceptance of the Offer of Purchase and Sale, to the date of this

Complaint, Plaintiffs have protected their sole interests in the Realty, their Personalty, and

extended property interests, exposures, and liabilities, with a broad-form Policy of Homeowner

Insurance, known to the parties as Policy No.  HO-12455572 .  Plaintiffs paid the premiums due

each year from inception with a single remittance.

3.      Defendant AMERICAN SECURITY INSURANCE COMPANY [hereinafter:

"defendant American"] is an insurer located in the City of Atlanta, Georgia and is incorporated

as a Corporation in the State of Delaware, under File No. 2017207. Defendant *American*

maintains a registered agent for service of process therein with the Corporation Service

Company, 251 Little Falls Drive, Wilmington, DE 19808.

4.     Defendant *American* does business within the State of Maine as a Property and

Casualty insurer, and issued a policy of insurance upon the plaintiff's subject Property, known to

the Parties as Policy Certificate No. 2MR21051273602.

5.     Defendant *American* is not registered as a foreign corporation doing business in

Maine with the Maine Secretary of State.

6.     Defendant *American* is classed as an Unauthorized Insurer in the State of Maine,

pursuant to the provisions of PL 1969, c. 132, §1. Codified as Title 24-A, §8 (2).

7.     The Superintendent of Insurance of the State of Maine is empowered to issue an

emergency *ex-parte* injunction Ordering defendant *American* to cease and desist from acting as

an unauthorized insurer and transacting insurance, pursuant to the provisions of  PL 1969, c. 132,

§1, codified at Title 12-A, § 2-A. *Emergency cease and desist*.

8.     Defendant *American* is a violator of the laws of the State of Maine at Title 12-A,

in issuing contracts of insurance on Maine Properties without first becoming an Authorized User

with the Superintendent of Insurance of the State of Maine.  Defendant *American* is liable for

civil penalties and criminal prosecution for its willful violations.

9.     Defendant American may be served under the long-arm Statutes of the State of

Maine as having business contacts within the State of Maine and issuing contracts of insurance

on Property located within the State of Maine, with Summons issued to the Secretary of State of

Maine, at Burton Cross Building, 111 Sewall St, Augusta, ME 04330.

10.     Defendant Citizens Bank, National Association [hereinafter:  defendant

"Citizens"] is, upon information and belief, a National Association bank incorporated under the

auspices of the Office of the Comptroller of the Currency [hereinafter: "OCC"], located at 400 7th St. SW, Washington, DC 20219.

11.     *Citizens* transacts business within the County of Knox of the State of Maine at 235 Camden Street, Rockland, Maine 04841. Venue of the Superior Court of the County of Knox ensues from the Property located within the County of Knox and the minimum business contacts conferring venue in and to this County, of defendant *Citizens* in the County of Knox.

12.     *Citizens* maintains an office and a place of business within the State of Maine at 100 Middle St # 1, Portland, ME 04101, at which location it conducts commercial lending. Citizens may be served with Summons and Service of Process at this location.

13.     Defendant Citizens has its headquarters located at 1 Citizens Plaza, Providence, Rhode Island, and in turn is a subsidiary of Citizens Financial Group, Inc. [hereinafter: "CFG"]. Incorporated within this polyglot of corporations, as yet another tentacle of the CFG octopus, is the further entity Citizen Bankshares, Inc., a Delaware Corporation [hereinafter: "Bankshares"] formed for the purpose of holding the shares of *Citizens* directly or indirectly in an effort to create bankruptcy remoteness and plausible deniability on the part of CFG as respects the misdeeds, deceits, abuses, and tortious misconduct of defendant *Citizens*.

14.     The corporate structures recited in paragraph 13 hereinabove are and were crafted with malice aforethought, to create buffers and opacity as to the responsibilities of the various players, parties and entities for the misconducts alleged and described, and relate to a conscious state of mind of deceit as to defendant *Citizens*.

## COUNTS OF THE COMPLAINT

**FIRST COUNT**      **Count for injury with malice aforethought.**
                                     **As to all Defendants.**

1 - 14.   Paragraphs 1 through 14, inclusively, of the Complaint are hereby incorporated as if set forth in full as paragraphs 1 through 14, respectively, of this the First Count of the Complaint.

15.   On or about April 14, 2022, Defendants jointly and each of them individually determined amongst themselves to purchase and issue a contract of property insurance [hereinafter: the "new policy"] upon the subject Property.

16.   The contract of insurance was stated to be for the sum of $403,344.00, which is exactly the amount initially purchased for casualty loss to the home, the Property recited herein.

17.   The Issuer of the recited new policy was Defendant *American*.

18.   The Insured on the recited new policy was and is Defendant *Citizens*.

19.   Neither defendant has nor had any insurable interest in the subject Property of the plaintiffs herein.

20.   The New Policy did not insure for the Other Structure, for plaintiffs' Personal Property, nor for Loss of Use, all of which were insured against loss by the plaintiffs in their Homeowner Policy recited hereinabove, specifically at $40,334 for Other Structures, for $282,341 for Personal Property, and for $80,669 for Loss of Use.

21.   Only one insurance policy can be maintained upon a Property for the Insured Value.

22.    Any competing policy of insurance for loss will not be paid by the Insurer, regardless of payment of premium, as double insurance is against public policy, being an incentive to manufacture loss.

23.    The New Insurance created by the Defendants effectively displaces, and thus nullifies, the preceding policy of insurance purchased and paid for by the Homeowners, to their harm, loss and detriment.

24.    At all material times, the Defendants and each of them, knew, ought to have known, or could reasonably have foreseen, and could reasonably have determined, that their precipitous act of creating a New Policy of insurance upon the plaintiffs' Property would displace the Homeowners' existing policy of insurance, render that a nullity, and vacate the homeowners' extended coverage under the plaintiffs homeowners' own, already paid for, policy.

25.    Notwithstanding Defendants' aforeknowledge that their act of crafting and placing a New Policy of insurance upon the Property of plaintiffs would nullify the Homeowners' own policy, nonetheless Defendants proceeded with their scheme, and did so with malicious intent, seeking to enrich themselves at the harms, losses and expenses of plaintiffs.

26.    The acts of defendants and each of them in their recited acts and practices sound in malice aforethought, for which Plaintiffs demand damages, double and treble damages, exemplary and punitive damages, and costs.


**SECOND COUNT**   **Count for theft and conversion. As to all Defendants.**

1 – 24.      Paragraphs 1 through 24, inclusively, of the First Count of the Complaint are hereby incorporated as if set forth in full as paragraphs 1 through 24, respectively, of this the Second Count of the Complaint.

25.     At all material times, defendant *Citizens* postured itself as a Bill Collector, acting in the claimed yet unsubstantiated role of collecting funds owed to others on a claimed mortgage loan and associated claimed note signed by plaintiff Linda Van Eck in favor of Camden National Bank.  Camden National Bank is located at 300 South Main Street, Rockland, Maine, in the County of Knox.

26.     Defendant *Citizens* issued and issues invoices which it demands that Plaintiffs pay, by remitting to defendant *Citizens*, the amounts on the invoices.  Plaintiffs have no opportunity to object to said invoices, the sole instruction peremptorily issued by defendant *Citizens* is for homeowners to pay such invoices as issued.

27.     Defendant *Citizens* has demanded that plaintiffs pay their invoices commencing with May, 2022, in an increased and accelerated amount that includes some portion of the claimed costs of the policy of insurance fabricated by defendant *American*, and plaintiffs have paid the additional amount for the wrongful insurance, under threat of facing foreclosure proceedings.

28.     The premiums levied upon plaintiffs by defendants with their wrongful and injurious policy of insurance as aforesaid amounts to $2,548.00, which is 250% greater, more or less, than the Homeowners Policy that plaintiffs enjoyed.  Furthermore, the deductible on the intruding policy of defendants contained a deduction of $4,000.00 instead of the Homeowners' deductible of $1,000.00, and contained no coverage for Homeowners' Personalty, loss of use, or the outbuilding garage and apartment, all to the harms, losses and injuries of plaintiffs.

29.     Defendants *Citizens* and *American* created and crafted the premium upon their artificial policy of insurance at a hugely inflated rate specifically to siphon funds of plaintiffs off

into their own pockets, for their own gain, to be split between defendants as they secretly conspired, in a scheme to raid the Plaintiffs' pocketbook and enrich themselves.

30.     By conspiring to craft insurance with grossly inflated premiums, ordering the plaintiffs to remit those funds to Citizens, who in turn did a kickback of some portion to co-defendant American, and manufacturing the policy of insurance to inure only to the benefit of the defendants and to the exclusion of the property rights and interests of Plaintiffs, the Defendants and each of them engaged in theft by conversion of Plaintiffs' funds.

31.     Plaintiffs demand money damages, double and treble damages, and exemplary and punitive damages, for defendants' thefts and conversion of Plaintiffs' funds to the gain of defendants, from defendants jointly and each of them.

**THIRD COUNT**          **Count for wrongful interference with right to contract and to
                         Benefit from private contract freely entered into.
                         As to all defendants.**

1 – 24.     Paragraphs 1 through 24, inclusively, of the First Count of the Complaint are hereby incorporated as if set forth in full as paragraphs 1 through 24, respectively, of this the Third Count of the Complaint.

25.     At all material times, defendants and each of them knew, ought to have known, or could reasonably have foreseen that Plaintiffs maintained proper and full broad-form property and casualty insurance coverage on their Maine Property, the subject of the controversy before the Court.

26.     At all material times, Defendants and each of them knew that their scheme of placement of their own created insurance policy on the Subject Property would displace the

Plaintiffs' insurance policy and render it worthless, notwithstanding that the premiums therefore were fully prepaid.

27.     Nonetheless, and in spite of their aforeknowledge, the defendants and each of them did willfully and knowingly manufacture and place their own policy of insurance upon the Property, displacing Plaintiffs' existing policy of insurance, and did willfully and knowingly substitute themselves as the named insured, in the stead of Plaintiffs.

28.     The acts and practices of Defendants and each of them acted, and were intended to act, to interfere with Plaintiffs' right to contract for insurance, and did wrongfully interfere with, and were intended to wrongfully interfere with, Plaintiffs' rights to contract.

29.     The acts and practices of Defendants and each of them acted, and were intended to act, to interfere with Plaintiffs' right to benefit from their own private contracts, despoiling Plaintiffs' benefits to contract, and rendering the aforesaid benefits worthless.

30.     The acts and practices of Defendants and each of them were intended to inure solely and exclusively to the benefit of defendants, to the exclusion of Plaintiffs, and additionally left Plaintiffs bereft of insurance for their personal goods and cherished possessions, and their loss of use of the Property and Possessions in the event of loss claim, to the harms, losses and injuries of Plaintiffs.

31.     Plaintiffs are aggrieved by defendants' wrongful and injurious interference with their right to freely contract for their insurance requirements and needs, and demand and are entitled to compensation by way of an award of damages, general damages, exemplary and punitive damages, and their costs, in the circumstances that pertain.

**FOURTH COUNT**   **Count for breach of fiduciary duty and utmost duty of care.**
                   **As to Defendant *Citizens*.**

1 – 24.        Paragraphs 1 through 24, inclusively, of the First Count of the Complaint are hereby incorporated as if set forth in full as paragraphs 1 through 24, respectively, of this the Fourth Count of the Complaint.

25.        At all material times, defendant *Citizens* holds itself forth as an institution of utmost moral probity and rectitude, and solicits the business of others, inviting the members of the community at large to impose their faith, trust and confidence in the moral probity and rectitude of defendant *Citizens*.

26.        At all material times, defendant *Citizens*  collected monies from Plaintiffs, under a claim of acting as a distributor of Plaintiffs' funds to other parties, including creditors, taxing agents, and the insurer of a policy of insurance on the claimed mortgage itself.

27.        At all material times, defendant *Citizens*, in accepting funds in trust from Plaintiffs for distribution to Plaintiffs' creditors and apparent creditors, self-imposed a duty of a fiduciary in the matters of Plaintiffs, and was acting as a fiduciary for Plaintiffs and each of them.

28.        Defendant *Citizens* willfully, injuriously, and with malice aforethought breached its self-imposed duties of faith, trust and confidence as hereinabove described, and by crafting and placing new and displacing insurance upon the Property of Plaintiffs and each of them, harmed the Plaintiffs, rendered their personal policy of insurance void, worthless, and unenforceable,  and caused foreseeable harms and injuries, to the harms, losses and injuries of Plaintiffs.

29.     Defendant Citizens is liable for damages, and exemplary and punitive damages, for its misconduct in breach of its duties and responsibilities acting as fiduciary, for which breach and breaches Plaintiffs demand damages, and exemplary and punitive damages.

**FIFTH COUNT**          **Count for unfair trade practices.**
                         **As to all defendants.**

1 – 30.          Paragraphs 1 through 30, inclusively, of the Third Count of the Complaint are hereby incorporated as if set forth in full as paragraphs 1 through 30, respectively, of this the Fifth Count of the Complaint.

31.     Plaintiffs are consumers of financial services, and treated as consumers of financial services, as generally incorporated by law, custom and practice, and come under the protections of consumer-protection legislation by operation of law.

32.     The acts and practices of Defendants were and are taken adversely to the rights and interests of Plaintiffs and each of them.

33.     The acts and practices of Defendants were and are taken specifically to enrich Defendants to the harms, losses and injuries of Plaintiffs and each of them, and unconscionably engaged in to inure to the enrichment of Defendants, and undertaken in deceit, avarice, and sloth.

34.     The acts and practices of Defendants are and constitute unfair trade practices, are violative of the Maine General and Revised Statutes governing unfair trade practices, and render Defendants liable for damages, double and treble damages, and costs and such attorneys' fees as may be incurred by Plaintiffs and each of them.

**SIXTH COUNT**      **Count for breach of duty of good faith and fair dealing.**
                    **As to all defendants.**

1 – 30.      Paragraphs 1 through 30, inclusively, of the Third Count of the Complaint are hereby incorporated as if set forth in full as paragraphs 1 through 30, respectively, of this the Sixth Count of the Complaint.

31.      At all material times, Defendants and each of them were and are under the obligation to conduct themselves and their business practices under the mantle of good faith and fair dealing, and remain under a continuing duty to so conduct their business practices.

32.      The acts and practices of self-dealing and self-enrichment, to the harms, losses and injuries of the Plaintiffs, are and constitute an egregious breach of the duty and continuing duty of good faith and fair dealing as respects their duties and obligations to Plaintiffs.

33.      By displacing plaintiff's own policy if insurance as described hereinabove, with a policy of insurance crafted by defendants and structured to exclude plaintiffs from recovery in the vent of loss, notwithstanding plaintiffs' own paid-up policy which would be unenforceable due to the malicious acts of defendants and each of them, defendants definitionally were and are in egregious breach of their duties and obligations of engaging in good faith and fair dealing with plaintiffs, for which plaintiffs demand damages, general damages, special damages, and exemplary and punitive damages.

**SEVENTH COUNT**      **Count for deceit.  As against all defendants.**

1 – 30.      Paragraphs 1 through 30, inclusively, of the Third Count of the Complaint are hereby incorporated as if set forth in full as paragraphs 1 through 30, respectively, of this the Seventh Count of the Complaint.

31.     The acts and practices of defendants and each of them sound in deceit, in that they were explicitly designed to displace plaintiffs from the proceeds of their own paid-for policy of insurance, with another policy of insurance in which the defendant conspired to install defendant *Citizens* as the named insured, and therefore the loss payee, into the mantle of substantive ownership of plaintiffs' Property, there to receive the fruits of insurance thereon, while concurrently billing, and obliging payment under the threat of foreclosure litigation, Plaintiffs for the wrongful and abusive policy of insurance the defendants had conspired to craft.

32.     The deceits of defendants were designed, and are intended to, deface plaintiffs' policy of insurance and render it worthless, while concurrently inserting and substituting their own self-interested policy of insurance designed to solely enrich themselves, which acts are and were pernicious, and abusive, and fraudulent, and injurious, all taken as a whole sounding in deceit.

33.     Plaintiffs demand damages for the deceits of defendants in the acts and practices complained of.


**EIGHTH COUNT**          **Count for racketeering.  As against all defendants.**

1 – 30.       Paragraphs 1 through 30, inclusively, of the Third Count of the Complaint are hereby incorporated as if set forth in full as paragraphs 1 through 30, respectively, of this the Eighth Count of the Complaint.

31.     Upon information and belief, Defendant *Citizens* maintains a complete and segregated facility structured in the main to further the wrongful purposes of displacing homeowners' policies of insurance with policies designed solely for the enrichment of the

Defendants herein.  The facility set up by defendant *Citizens* is apparently located, or is baldly presented to be located, in Florence, South Carolina.

32.    Defendant *Citizens* has carefully structured the Florence, South Carolina facility from view by hiding the premises behind a postal box address, from which opaque frontispiece it avoids having infuriated customers arriving on the premises with their sheriffs, to effect service of process of their lawsuits for damages.

33.    Defendants and each of them have artfully constructed an opaque telephone system that obliges customers to work their way through an interminable "telephone tree" of tableaus of menus, each with messages and multiple "press key" requirements, the exhausting telephone tree designed to frustrate infuriated homeowners and block access to any actual living person who can respond to complaints.

34.    Defendants and each of them have conspired to frustrate complaining homeowners by staffing the Florence, South Carolina facility with unskilled and uneducated persons recruited off the farms of rural South Carolina, cynically hiring the cheapest labor they can find to simply sit in a phone cubicle and issue non-sensical and irrelevant responses to whatever issues the complaining homeowners present, in the event the homeowner actually manages to struggle through the interminable telephone tree deliberately and artfully designed to make the homeowner complainer give up and go away.

35.    Florence, South Carolina is reportedly 47.2% black population, with a staggering crime rate of 1,267 per 100,000 (stats for 2017), a violent and impoverished city that represents no advantage to defendant *Citizens*, other than to provide a source of ultra-cheap labor for its telephone operation described hereinabove for the express purpose of frustrating homeowners and creating a wall of opacity through which even the most determined, including plaintiffs

herein, cannot penetrate. In contract, Edgefield, South Carolina has a crime rate of only 2. Yet, defendant *Citizens* carefully selected Florence specifically for its availability of cheap labor that it could exploit. With 14.8% of households earning less that $15,000 annually, Florence County is the second-poorest county in South Carolina. This presented an irresistible picture for defendant *Citizens* to go exploit, a location where to local population is impoverished and easily exploited for the cheapest possible labor.

36. The impoverished blacks that defendant *Citizens* hires in its Florence, SC center require no job qualifications other than the ability to pick up the telephone, and are hired specifically to utter incomprehensible and non-responsive answers to complaining homeowners who manage to struggle through the opaque telephone-tree system that defendant *Citizens* has so cynically installed.

37. Defendant *American* at all material times is and was fully cognizant of the cynical and abusive constructs of co-defendant *Citizens* as described in part hereinabove, knew that *Citizens* ran a racketeering enterprise out of its *Citizens* location, knew that co-defendant *Citizens* was operating a racketeering enterprise generally in its bill-collection enterprise, knew that co-defendant *Citizens* was exploiting the homeowner customers to inure to its own profit, yet nonetheless and in spite of this aforeknowledge willingly and knowingly chose to participate in the frauds of *Citizens*, and willingly and with elation entered into the schemes of fraud, deceit, and abuse of co-defendant citizens, and by its participation rendered the necessary and indispensable component of policies of insurance so abusively used by co-defendant *Citizens* to displace the rightful insurances of plaintiffs and other homeowners so similarly situated, and further provided a "Master Policy" known to the parties as Master Policy No. MIP-RCH-02105-

00 for the specific purpose of participating in and enabling the pattern and practice of fraud, deceit, and abuse being perpetrated by co-defendant *Citizens*.

38.     The Defendants and each of them conspired in the scheme of fraud described hereinabove to inure to their own unjust enrichment.

39.     The acts and practices of Defendants are pervasive and are executed upon unwary homeowners, to inure to the unjust enrichment of defendants.

40.     The Master Policy of insurance of the defendants, and the specific policy of insurance placed upon the subject Property of Plaintiffs, was designed with a premium far in excess of any marketable insurance premium commercially available in the Maine marketplace.

41.     the grotesque inflated premiums, coupled with the dramatically reduced coverage, were designed to enrich defendants and each of them, to the harms, losses and injuries of homeowners generally and Plaintiffs in particular.

42.     The acts and practices of Defendants sound in racketeering, for which racketeering Defendant and each of them are liable to Plaintiffs for damages, general damages, special damages, and exemplary and punitive damages, together with costs and attorneys' fees on an attorney-client basis.

WHEREFORE, Plaintiffs pray that:

1.   Judgment be entered in favor of Plaintiffs and against Defendants on each Count of the Complaint;

2.   An Order sounding in injunctive relief enter, Ordering Defendants to cancel flat their abusive policy of insurance as complained of;

3.   Disgorgement of wrongfully taken premiums be Ordered;

4.   Plaintiffs be awarded Money damages in an amount within the jurisdictional limits of this Court, to be set by the ultimate trier of fact;

5.   Plaintiffs be awarded Exemplary damages, punitive damages, and treble damages to be applied to the Judgment, in the circumstances that pertain;

6.   This Court enter an award of Plaintiffs' costs;

7.   Plaintiffs be awarded their attorneys' fees as may be entrained, on an attorney-client basis.

8.   This Court enter an Order prohibiting defendants from any such further placement of insurance onto the Property of Plaintiffs.

BY THE PLAINTIFFS,


LINDA VAN ECK
102 Main Street
Tenants Harbor, Maine 04860


JAN VAN ECK
102 Main Street
Tenants Harbor, Maine 04860