UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **LINDA VAN ECK et al.,** ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | No. 2:22-cv-00207-JAW |
| ) | |
| **AMERICAN SECURITY** ) | |
| **INSURANCE COMPANY et al.,** ) | |
| ) | |
| Defendants ) | |

### RECOMMENDED DECISION ON MOTION TO REMAND

Linda and Jan van Eck filed a pro se complaint against Citizens Bank, N.A., and American Security Insurance Company in state court. *See* Complaint (ECF No. 1-2). Citizens—with American Security's consent—removed the action to this Court on the basis that the van Ecks' claim for racketeering arises under the federal Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1951-1960. *See* ECF No. 1. The van Ecks now move to remand the matter to state court, arguing that their complaint uses the word racketeering only in a general sense and not in reference to federal law. *See* Motion to Remand ("Motion") (ECF No. 16).[1] Despite the van Ecks' protestations, I conclude that their complaint does assert a RICO claim over which this Court has original jurisdiction and therefore recommend

---

[1] The van Ecks also challenge the sufficiency of American Security's consent to removal. *See* Motion at 6-7. Even assuming, however, that Citizens' notation of American Security's consent in the notice of removal was insufficient to satisfy the unanimity requirement, *see* ECF No. 1 at 2, any defect was subsequently cured when American Security opposed the van Ecks' motion to remand, thereby clearly communicating its desire to be in federal court, *see* American Security's Opposition (ECF No. 20) at 1; *Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 77 (1st Cir. 2009).

1

that the Court deny their motion to remand.

## I. Background

The van Ecks complain that Citizens obtained an insurance policy from American Security on their property. *See* Complaint at 4-5. According to the van Ecks, Citizens had no right to obtain insurance on their property and did so as part of a scheme with American Security to displace its homeowner customers' own insurance policies. *See id.* They assert claims against Citizens and American Security for (1) injury with malice aforethought, (2) theft and conversion, (3) wrongful interference with a contract, (4) breach of fiduciary duty, (5) unfair trade practices, (6) breach of the duty of good faith and fair dealing, (7) deceit, and (8) racketeering. *See id.* at 4-15.

With regard to their racketeering claim, the van Ecks allege that Citizens "ran a racketeering enterprise" to exploit its customers for "its own profit" by obtaining insurance policies on the customers' properties with "grotesque[ly] inflated premiums" and "dramatically reduced coverage." *Id.* at 14-15. They further allege that American Security "conspired in the scheme" with Citizens in a "pattern and practice of fraud, deceit, and abuse," and that both have effectively blocked customers from contacting them to complain.[2] *Id.* at 13-15. Although the van Ecks do not cite any particular legal authority in relation to the claim, they assert that Citizens' and

---

[2] In summarizing the van Ecks' racketeering claim, I have not reiterated their explicitly racist allegations regarding Citizens' call center employees. *See* Complaint at 13-14. Such allegations have no place in this Court, and, if the racketeering claim survives the pending motions to dismiss (ECF Nos. 11-12), the Court should consider whether the allegations should be stricken from the complaint pursuant to Fed. R. Civ. P. 12(f).

2

American Security's actions "sound in racketeering." *Id.* at 15.

## II. Legal Standard

Removal from state court is only proper in cases where the federal court has original jurisdiction—that is, in cases involving questions of federal law or diversity of citizenship. *See* 28 U.S.C. §§ 1331, 1332, 1441(a). The burden of establishing jurisdiction is on the removing party. *See Rosselló-González v. Calderón-Serra*, 398 F.3d 1, 11 (1st Cir. 2004).

In this case, Citizens and American Security do not claim diversity as a jurisdictional hook, so removal hinges on whether this Court has federal question jurisdiction. *See Me. Mun. Ass'n v. Mayhew*, 64 F. Supp. 3d 251, 263 (D. Me. 2014). Generally, a case presents a federal question when "the plaintiff pleads a cause of action that has its roots in federal law (say, a claim premised on the United States Constitution or on a federal statute)." *R.I. Fishermen's All., Inc. v. R.I. Dep't of Env't Mgmt.*, 585 F.3d 42, 48 (1st Cir. 2009). To satisfy the well-pleaded complaint rule, the federal cause of action must be stated on the face of the plaintiff's complaint. *See id.*; *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983). Any ambiguity as to the source of law relied upon by the plaintiff must be resolved against removal. *See Rosselló-González*, 398 F.3d at 11.

## III. Discussion

The van Ecks argue that this Court lacks jurisdiction over their complaint because they assert only state law claims. Motion at 5-6. They accuse Citizens of twisting their words in its notice of removal to recast "the common word

'racketeering'"—meaning "dishonest and fraudulent business dealings"—as an "invocation of" RICO. *Id.* at 1-2 (emphasis omitted). And they insist that if they had wanted to assert a RICO claim, they "would have done so." *Id.* at 2-3.

In response, Citizens and American Security argue that the van Ecks are being disingenuous about their racketeering claim "in an attempt to obtain a remand."[3] Citizens' Opposition (ECF No. 19) at 2; *see* American Security's Opposition. They emphasize that Maine law does not provide for a racketeering action. Citizens' Opposition at 10. And they point out that the van Ecks use several RICO terms of art in outlining their racketeering claim, including the words "enterprise" and "pattern."[4] *See id.* at 2, 8-9.

Citizens and American Security have the better argument.

Although plaintiffs are masters of their own complaints, they may not obtain remand simply by disavowing their federal claims after removal. *See Ortiz-Bonilla v. Federación de Ajedrez de P.R.*, 734 F.3d 28, 34-36 (1st Cir. 2013) (noting that when a complaint seeks "recovery directly under the . . . laws of the United States, the federal court must entertain the suit" even when the plaintiff in retrospect views his

---

[3] Both sides accuse the other of shopping for a more sympathetic forum. *See* Motion at 5-6; Citizens' Opposition at 2. I reject the notion that this Court would be any more or less "sympathetic" to the parties' claims and defenses than state court. The van Ecks also protest the removal of their matter to the Portland location of this Court, arguing that traveling to Portland would be far less convenient for them than litigating the matter at the Maine Superior Court in Knox County or even at the Bangor location of this Court. *See* Motion at 1, 6. Be that as it may, this Court's local rules dictate that matters arising in Knox County "shall be filed and ordinarily tried at Portland." Local Rule 3(b).

[4] Both sides provide a great deal of extraneous information and argument relating to the merits of this case that I have disregarded. In their reply, the van Ecks also suggest that the Court "*sua sponte*" enter an order to show cause why Citizens' counsel should not be sanctioned for abusive language and deceit. Reply (ECF No. 21) at 4, 8, 15. Even setting aside the procedural impropriety of this suggestion, I discern no sanctionable conduct on the part of Citizens' counsel.

or her "federal claims as surplus or . . . moves to strike the federal claims" after removal (cleaned up)). As such, in determining whether a complaint states a federal claim, courts must "look only to plaintiff's complaint . . . to ascertain whether, within its four corners, a federal claim . . . has been presented." *Rosselló-González*, 398 F.3d at 10 (cleaned up); *see also Nenninger v. Zanesfield Rod & Gun Club*, No. 2:13-cv-1004, 2013 WL 6198309, at *2 (S.D. Ohio Nov. 27, 2013) (rec. dec.) ("[I]f the state court pleading sets forth a claim arising under federal law, the defendant has the right to rely on the pleading as written and to remove the case to federal court."), *aff'd*, 2014 WL 28867 (S.D. Ohio Jan. 2, 2014).

Several factors lead me to conclude that the van Ecks' complaint asserts a RICO claim despite lacking an explicit reference to federal law.

First, the van Ecks very specifically seek relief for racketeering. *See* Complaint at 12-15. They do not merely use the word in passing while outlining some other claim. Rather, they explicitly caption the eighth count in their complaint "Count for racketeering" and state that Citizens' and American Security's actions "sound in racketeering." *Id.*; *cf. R.I. Fishermen's All.*, 585 F.3d at 50 ("Federal jurisdiction cannot be conjured up by a passing mention of some federal subject.").

Second, Maine law provides no basis for a racketeering claim. As Citizens and American Security point out, *see* Citizens' Opposition at 10, Maine does not have a state law equivalent to RICO, and my own research reveals no case law suggesting that a racketeering claim may be pleaded under Maine common law. As such, federal law provides the only possible basis for the van Ecks' racketeering claim, which

5

distinguishes this case from others in which courts have determined that ambiguously pleaded claims arose under state law. *Cf., e.g.*, *Roselló-González*, 398 F.3d at 11 (concluding that ambiguously pleaded due process and equal protection claims arose under the Puerto Rico Constitution where the complaint in question only referenced Puerto Rico laws).

Finally, any lingering doubt as to the van Ecks' intention to invoke RICO is dispelled by their use of certain terms of art such as "pattern" and "enterprise" that track the elements of a RICO claim. Complaint at 14-15; *see Gentle Wind Project v. Garvey*, 407 F. Supp. 2d 282, 286 (D. Me. 2006) ("In order to prevail on their RICO claim, Plaintiffs bear the burden of proving four elements: (1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity." (cleaned up)); *Racketeering*, Black's Law Dictionary (11th ed. 2019) (noting that the modern sense of the word racketeering—meaning a "pattern of illegal activity . . . carried out as part of an enterprise"—"derives from the federal RICO statute"); *Derrico v. Sheehan Emergency Hosp.*, 844 F.2d 22, 28 (2d Cir. 1988) (noting that even though a plaintiff's complaint stated a legal "principle without expressly identifying its provenance," the plaintiff's use of a certain term "left no doubt that the source was federal labor law").

This Court, then, has original jurisdiction over the van Ecks' racketeering claim because it arises under federal law and supplemental jurisdiction over their state-law claims because they all arise under the same nucleus of operative facts.[5]

---

[5] The van Ecks accuse Citizens and American Security of taking contradictory positions by basing removal on their racketeering claim but then arguing in motions to dismiss (ECF Nos. 11-12) that they have failed to state a valid racketeering claim. *See* Motion at 3. Citizens' and American Security's

*See* 28 U.S.C. § 1367(a); *Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 256 (1st Cir. 1996) ("A federal court exercising jurisdiction over an asserted federal-question claim must also exercise supplemental jurisdiction over asserted state-law claims that arise from the same nucleus of operative facts."). Jurisdiction is not affected by the van Ecks' present argument that they did not intend to assert a federal claim. *See Nenninger*, 2013 WL 6198309, at *1 ("If a complaint filed in state court appears, on its face, to plead a claim arising under federal law, is the case properly removed (and not amenable to remand) if the plaintiff claims not to have intended to plead a federal claim? The answer to that question is clearly yes."). Accordingly, the van Ecks' motion to remand this matter to state court should be denied.

## IV. Conclusion

For the foregoing reasons, I recommend that the Court **DENY** the van Ecks' motion to remand.

### <u>*NOTICE*</u>

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

---

decision to challenge the viability of the van Ecks' racketeering claim, however, does not deprive this Court of jurisdiction. *See, e.g.*, *Redd v. McDowell Cnty. Bd. of Educ.*, 976 F. Supp. 2d 838, 843 (S.D. W. Va. 2013) ("[I]it is not unusual for a court to determine that it has jurisdiction over a complaint and then turn around and dismiss that same complaint" for failing to state a claim.).

7

***Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.***

Dated: November 9, 2022

                                                /s/ Karen Frink Wolf
                                                United States Magistrate Judge