UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| LINDA VAN ECK, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | 2:22-cv-00207-JAW |
| | ) | |
| AMERICAN SECURITY | ) | |
| INSURANCE COMPANY, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON MOTION TO AMEND AND MOTIONS TO DISMISS**

Plaintiff homeowners file a motion to amend their complaint against defendant bank and defendant insurance company. Despite the Court's repeated admonitions, plaintiffs still have not filed responses to the defendants' motions to dismiss, which were filed in July 2022, nor have they responded to the Court's order to show cause in support of their claims. The Court denies the motion to amend as futile and grants the motions to dismiss because the plaintiffs are procedurally defaulted and because their complaint does not state a claim upon which relief can be granted.

## I.    BACKGROUND

On January 20, 2021, Linda Van Eck purchased a residence located at Tenants Harbor in the town of St. George, county of Knox, state of Maine from Ernest A. Coletti and Joan Coletti. *Decl. of Geoffrey W. Millsom*, Attach. 1, *Warranty Deed* (ECF No. 31). On February 4, 2021, in exchange for a loan of $198,000.00, Ms. Van Eck

executed a mortgage deed in favor of Camden National Bank[1] on the Tenants Harbor property. *Def. Citizens Bank, N.A.'s Mot. to Dismiss*, Attach. 2, *Mortgage from Linda A. Van Eck to Camden National Bank* (ECF No. 11) (*Mortgage*). Section five of the mortgage contains a clause that obligates the borrower to maintain hazard insurance on the Tenants Harbor property and, if the mortgagor fails to do so, allows the mortgagee to "obtain insurance coverage at its option and charge [the mortgagor] in accordance with Section 9 below." *Mortgage* § 5. Section nine details the mortgagee's right to charge the mortgagor for the cost of any such insurance. *Id.* § 9.

On May 23, 2022, Linda and Jan Van Eck, proceeding pro se, filed a complaint in state court against American Security Insurance Company (ASIC) and Citizens Bank, National Association (Citizens), alleging that the defendants conspired to purchase an expensive and limited property insurance policy—with ASIC as the insurer and Citizens as the insured—that displaced the Van Ecks' existing, cheaper, and superior policy. *Docket R.*; *Compl.* On July 11, 2022, Citizens, with the consent of ASIC, filed a notice removing the action to federal court, on the basis that the Van Ecks' complaint alleged a violation of RICO, a federal statute. *Notice of Removal* at 1-2 (ECF No. 1).

On July 18, 2022, Citizens filed a motion to dismiss the Van Ecks' Complaint. *Def. Citizens Bank, N.A.'s Mot. to Dismiss* (ECF No. 11) (*Citizens' Mot. to Dismiss*). On July 20, 2022, ASIC also filed a motion to dismiss the Complaint. *Def. American*

---

[1]     Citizens Bank, N.A., says it is the owner and servicer of the mortgage. *Def. Citizens Bank, N.A.'s Mot to Dismiss* at 8 (ECF No. 11) (citing *State Ct. R.* (ECF No. 15), Attach. 1, *Docket R.*; *id.*, Attach. 2, *Compl.* ¶ 25); *Notice of Interested Parties* (ECF No. 3).

*Security Insurance Company's Mot. to Dismiss Pls.' Comp.* (ECF No. 12) (*ASIC's Mot. to Dismiss*).

The Van Ecks did not respond to the motions to dismiss, but on August 8, 2022, moved to remand this case back to the Maine Superior Court for the County of Knox. *Pls.' Mot. to Remand* (ECF No. 16). On November 9, 2022, the United States Magistrate Judge filed her Recommended Decision (ECF No. 22), recommending that the Court deny the motion to remand. On November 23, 2022, the Plaintiffs filed their objection to the recommended decision. *Pls.' Obj. to Recommended Decision on Remand* (ECF No. 23). On December 7, 2022, Citizens and ASIC responded to the Plaintiffs' objection. *Def. Citizens Bank, N.A.'s Mem. of Law in Resp. to Pls.' Obj. to Recommended Decision on Remand* (ECF No. 24); *Def. American Security Insurance Company's Opp'n to Pls.' Obj. to Recommended Decision on Remand* (ECF No. 25). On December 15, 2022, the Court affirmed the recommended decision over the Plaintiffs' objection. *Order Affirming Recommended Decision and Denying Mot. to Remand* (ECF No. 26) (*Order Affirming*).

In response to that Order, on December 19, 2022, the Van Ecks filed what they called a "Reply Memorandum," which the Court recharacterized as a motion for reconsideration and denied the following day. *See Pls.' Reply Mem. Detailing New and Disturbing Developments Consequent to Defs.' Filings Responsive to Pls.' Obj. to Magistrate's Recommendation on Remand* (ECF No. 27); *Order on Pls.' Mot. for Reconsideration* (ECF No. 28).

On January 18, 2023, the Van Ecks filed a motion to amend their complaint. *Mot. to Am. Compl.* (ECF No. 29) (*Pls.' Mot.*).  Each defendant filed a response on February 8, 2023.  *Def. Citizens Bank, N.A.'s Mem. of Law in Resp. to Pls.' Mot. to Am. Compl.* (ECF No. 30) (*Citizens' Opp'n*); *Def. American Security Insurance Company's Opp'n to Pls.' Mot. to Am. Compl.* (ECF No. 32) (*ASIC's Opp'n).*

On March 22, 2023, the Court ordered the Van Ecks to show cause and provide clarity on several issues central to their proposed amended complaint within fourteen days.  *Am. Order to Show Cause* (ECF No. 34).  The Van Ecks did not respond to the order to show cause and still have not responded to the motions to dismiss.

## II.   LEGAL STANDARD

### A.   Motion to Amend

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading "only with the opposing party's written consent or the court's leave" once the time to amend "as a matter of course" has passed.  FED. R. CIV. P. 15(a)(2).  Although "[t]he court should freely give leave [to amend] when justice so requires," *id.*, "[t]he liberal amendment policy prescribed by Rule 15(a) does not mean that leave will be granted in all cases." *Thurlow v. York Hosp.*, No. 2:16-cv-179-NT, 2017 U.S. Dist. LEXIS 3187, at *8 (D. Me. Jan. 10, 2017) (quoting 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1487 (3d ed.) (WRIGHT & MILLER)).  The Court may deny a request to amend the complaint if "the request is characterized by 'undue delay, bad faith, futility, [or] the absence of due diligence on the movant's part.'" *Id.*

4

at *8-9 (alterations in *Thurlow*) (quoting *Calderón-Serra v. Wilmington Tr. Co.*, 715 F.3d 14, 19 (1st Cir. 2013)).

"Where a plaintiff seeks to amend her complaint while a motion to dismiss is pending, a court 'has a variety of ways in which it may deal with the pending motion to dismiss, from denying the motion as moot to considering the merits of the motion in light of the amended complaint.'" *Claes v. Boyce Thompson Inst. for Plant Rsch.*, 88 F. Supp. 3d 121, 125 (N.D.N.Y. 2015) (quoting *Roller Bearing Co.*, 570 F. Supp. 2d at 384). "[T]here is no recognized rule under which a pending motion to dismiss renders premature any motion for leave to amend under Rule 15(a)." *Roller Bearing Co.*, 570 F. Supp. 2d at 384. Such a motion to amend is subject to the discretion of the Court. "The Court must deny a motion to amend as futile if the 'complaint, as amended, could not withstand a motion to dismiss.'" *Fannie Mae v. Wilson*, No. 2:18-cv-00366-JAW, 2019 U.S. Dist. LEXIS 72293, *7 (D. Me. Apr. 30, 2019) (quoting *Shannon v. Houlton Band of Maliseet Indians*, 54 F. Supp. 2d 35, 38 (D. Me. 1999)).

### B. Motion to Dismiss

Rule 12(b)(6) requires dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To state a claim, a complaint must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In other words, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is

facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Plausible means "'something more than merely possible' or 'merely consistent with a defendant's liability.'" *Germanowski v. Harris*, 854 F.3d 68, 71-72 (1st Cir. 2017) (internal citation omitted) (quoting *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012); *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 11 (1st Cir. 2011)). This is a "'context-specific' job that compels [judges] 'to draw on' [their] 'judicial experience and common sense.'" *Schatz*, 669 F.3d at 55 (quoting *Iqbal*, 556 U.S. at 679).

This is a "two-step analysis." *Cardigan Mountain Sch. v. N.H. Ins. Co.*, 787 F.3d 82, 84 (1st Cir. 2015). "First, the court must distinguish 'the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'" *García-Catalán v. United States*, 734 F.3d 100, 103 (1st Cir. 2013) (quoting *Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012)); *see also Schatz*, 669 F.3d at 55 (stating that a court may "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements"). "Second, the court must determine whether the factual allegations are sufficient to support 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *García-Catalán*, 734 F.3d at 103 (quoting *Haley v. City of Bos.*, 657 F.3d 39, 46 (1st Cir. 2011)).

## III.  DISCUSSION

### A.  Linda and Jan Van Eck's Motion to Amend Complaint

The Van Ecks' proposed amended complaint would include only a reconstituted version of their federal Racketeer Influence and Corrupt Organizations (RICO) count, dropping all other claims included in the initial complaint. *Pls.' Mot.* at 1. The premise of the Van Ecks' suit is that Citizens conspired with ASIC to purchase an insurance policy on their property, charge them inflated premiums, and ultimately displace their existing policy. *Id.*, Attach. 1, *Proposed Am. Compl.* ¶¶ 14-24. The Van Ecks allege that "[f]rom the time of acceptance of the Offer of Purchase and Sale, to the date of this Amended Complaint, Plaintiffs have protected their sole interests in the Realty . . . with a broad-form Policy of Homeowner Insurance, known to the parties as Policy No. HO-12455572." *Id.* ¶ 2. They further allege that they "paid the premiums due each year from inception with a single remittance." *Id.*

The gist of the Plaintiffs' RICO claim is that even though Citizens knew that the Plaintiffs had homeowners' insurance on the property, Citizens purchased insurance from ASIC, the insurance premiums were exorbitant, the insurance coverage was inferior, and Citizens paid ASIC by deducting the cost of the ASIC policy from the escrow account, leaving the Van Ecks without funds to pay their taxes. *Id.* ¶¶ 2-30. The Plaintiffs maintain that Citizens and ASIC engaged in this conduct as a part of a "scheme" in order to "enrich themselves at the harms, losses and expenses of the plaintiffs." *Id.* ¶ 26. The Plaintiffs allege that Citizens and ASIC "created and crafted the premium upon their artificial policy of insurance at a hugely inflated rate specifically to siphon funds of plaintiffs off into their own pockets, for their own gain,

7

to be split between defendants as they secretly conspired, in a scheme to raid the Plaintiffs' pocketbook and enrich themselves." *Id.* ¶ 31.

The foundation of the Van Ecks' RICO claim is that they always maintained insurance coverage on their Tenants Harbor home as required by the terms of their mortgage with Citizens.  From this critical assertion, the Van Ecks extrapolate their accusations against Citizens and ASIC.  Specifically, the Van Ecks maintain that the Defendants wrongfully procured separate insurance coverage, deducted the premium payments from their escrow account, and thereby misused the Van Ecks to Citizens' and ASIC's financial benefit.

In its opposition, Citizens counters that "[n]otably, the Van Ecks do not allege in the Amended Complaint that they ever provided Citizens with proof of the existence of the HO-12455572 policy—because they cannot do so in good faith" and "[l]ikewise, the Van Ecks do not allege in the Amended Complaint that they ever provided Citizens with proof that Citizens was listed as a mortgagee or additional loss payee in the HO-12455572 policy's standard mortgagee clause—because they cannot allege that in good faith either." *Citizens' Opp'n* at 6.  Citizens effectively challenged the Van Ecks to come forward with evidence on these two issues: (1) to demonstrate that they had an insurance policy with Citizens as a loss payee and (2) to prove that they informed Citizens of the policy.  *Id.*  Citizens correctly observed that the Van Ecks have not alleged these things in their proposed Amended Complaint.

8

Under First Circuit law, in weighing both the Van Ecks' motion to amend and the Defendants' motions to dismiss, the Court may consider the mortgage alongside the complaint and proposed amended complaint.[2] *Mortgage* at 1-14. Based on the terms of the mortgage, a mortgagor like Ms. Van Eck is required to obtain Citizens' approval of her insurance policy and to list Citizens as the mortgagee. These are requirements that, if the mortgagor does not comply with, appears to legally permit Citizens to purchase a replacement policy—the purported misdeed that forms the core of the Van Ecks' complaint and proposed amended complaint. *Id.* ¶ 5.

Even if the Van Ecks could meet the good cause standard for leave to amend, "[t]he Court must deny a motion to amend as futile if the complaint, as amended, could not withstand a motion to dismiss." *Wilson*, 2019 U.S. Dist. LEXIS 72293, *7 (citation and internal quotations omitted). "The court must determine whether the factual allegations are sufficient to support 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *García-Catalán*, 734 F.3d at 103 (quoting *Haley*, 657 F.3d at 46).

---

[2]  "Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Alt. Energy, Inc. v. St. Paul Fire and Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001); *accord Rivera v. Centro Medico de Turabo, Inc.*, 575 F.3d 10, 15 (1st Cir. 2009) ("Under Rule 12(b)(6), the district court may properly consider only facts and documents that are part of or incorporated into the complaint; if matters outside the pleadings are considered, the motion must be decided under the more stringent standards applicable to a Rule 56 motion for summary judgment" (internal citation omitted)). However, a narrow exception exists "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Rivera*, 575 F.3d at 15. "Typically, a contract between the parties is the type of document the courts have considered when ruling on a motion to dismiss." *Knowlton v. Shaw*, 708 F. Supp. 2d 69, 75 (D. Me. 2010) (citing *Rivera v. Centro Medico de Turabo, Inc.*, 575 F.3d 10, 15 (1st Cir. 2009)). The Defendants and the Van Ecks referenced the mortgage in their filings and have not questioned the authenticity of the document submitted by Citizens.

The Van Ecks' factual allegations, when overlaid with the terms of the mortgage, are insufficient to support the reasonable inference that Defendants are liable for the misconduct alleged.  The terms of the mortgage permit Citizens to purchase a replacement insurance policy if the mortgagees do not obtain and inform Citizens of their own approved policy, and the Van Ecks have not alleged that they complied with these conditions.  *Mortgage* ¶ 5 ("I will obtain hazard or property insurance to cover all buildings and other improvements that now are or in the future may be located on the Property . . . I may choose the insurance company, but my choice is subject to the Lender's approval").  Absent such allegations, the amended complaint does not support a reasonable inference that Defendants' actions were illegal or violated the express terms of the mortgage, much less the type of "racketeering activity" required to support a RICO claim.  *See* 18 U.S.C. § 1961(a) (defining "racketeering activity").

Before denying the Van Ecks' motion to amend and granting the motions to dismiss, however, the Court offered them an opportunity to cure this defect in their complaints.  The Court's order to show cause identified this issue and stated "[t]he Court does not know what the Van Ecks can or cannot allege in good faith . . ..  If, however, the Van Ecks are able to present the Court with a copy of the homeowners' policy with Citizens listed as a loss payee and establish that they placed Citizens on notice of the existence of their policy, the Van Ecks will have responded to Citizens' critical challenge."  *Am. Order to Show Cause* at 7.  It ordered them to show cause on four factual issues:

1. Respond to whether they can in good faith allege that they provided notice to Citizens about HO-12455572.
2. Attach a copy of any correspondence either to or from Citizens reflecting their notifying Citizens about the existence of and their payments for HO-12455572.
3. Respond to whether they can in good faith allege that Citizens was listed as a mortgagee on the policy
4. Attach a copy of the relevant homeowners policy (HO-12455572), demonstrating that during the relevant time period they not only kept the policy in force but also listed Citizens as mortgagee.

*Id.* at 7-8. Finally, the order cautioned the Van Ecks that "[i]f they do not file a response showing cause, both their motion to amend and original complaint may be subject to dismissal." *Id.* at 8.

The Van Ecks did not respond. Thus, having failed to respond to the Court's order, the Van Ecks are procedurally defaulted and therefore, the Court denies their motion to amend complaint as futile.

### B.    Citizens and ASIC's Motions to Dismiss

As a threshold matter, the Van Ecks are also procedurally defaulted by failing to respond to the motions to dismiss, filed in July 2022, despite the Court's repeated warnings. *See Order Affirming* at 2 ("That clock [to respond] starts today and the Van Ecks must file their responses to the motions to dismiss within ten days."); *Order on Pls.' Mot. for Reconsideration* at 3 ("If the Van Ecks do not file their responses to the motions to dismiss by December 30, 2022, their Complaint may be subject to dismissal"); *Am. Order to Show Cause* at 7 ("The Van Ecks must file a response to this Order, addressing these factual questions, within fourteen days . . . If they do not file a response showing cause, both their motion to amend and original complaint

may be subject to dismissal"). Litigants ignore the orders of a court at their peril and here, despite express orders to respond, the Van Ecks have remained silent.

Moreover, the Van Ecks' initial complaint suffers from the same fatal defect as their proposed amended complaint and the Court must grant the motions to dismiss. The complaint asserts eight counts against the defendants: (1) "injury with malice aforethought"; (2) theft and conversion; (3) "wrongful interference with right to contract and to benefit from private contract freely entered into; (4) "breach of fiduciary duty and utmost duty of care"; (5) unfair trade practices; (6) breach of duty of good faith and fair dealing; (7) "deceit"; and, (8) "racketeering". *Compl.* at 4-12. Each count is premised on the same underlying insurance transaction, alleging that "Defendants jointly and each of them individually determined amongst themselves to purchase and issue a contract of property insurance . . . upon the subject property" even though "Neither defendant has nor had any insurable interest in the subject Property of the plaintiffs herein." *Id.* at 4.

As the Court has outlined, the mortgage confirms that Citizens did have an insurable interest in the property. *See Mortgage* § 5 (requiring the borrower to maintain hazard insurance on the property and, if the mortgagor fails to do so, allowing the mortgagee to "obtain insurance coverage at its option and charge [the mortgagor] in accordance with Section 9 below."). As with the proposed amended complaint, the initial complaint does not assert that the Van Ecks notified Citizens they had purchased a policy listing Citizens as mortgagee—as required by the

mortgage—and the allegations thus do not support the legal inference that Citizens purchasing a replacement policy was in any way illegal.

Moreover, as noted above, in opposition to the Van Ecks' motion to amend their complaint, Citizens challenged them to allege in good faith that they gave notice to Citizens and to produce a copy of the Van Ecks' policy and their notice to Citizens of the existence of the policy. *Citizens' Opp'n* at 6. The Court therefore ordered the Van Ecks to provide the Court with a copy of the homeowners' policy they allege they had all along and to attach a copy of the notice to Citizens they had procured the insurance policy. *Am. Order to Show Cause* at 6-7. The Van Ecks failed to respond, thus compelling the inference that the Van Ecks cannot produce documentary evidence supporting their essential allegations.

Because the purported impropriety of the replacement insurance purchase underpins the theory behind every count of the Van Ecks' complaint, the unraveling of that core claim defeats the rest.[3] The Van Ecks have procedurally defaulted and, moreover, the complaint's allegations are not "sufficient to support 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *García-Catalán*, 734 F.3d at 103 (quoting *Haley*, 657 F.3d at 46). The Court must grant the Defendants' motions to dismiss.

---

[3]    For example, the Van Ecks' theory that the forced premiums amounted to theft (Count II) is unavailing where Citizens was permitted by the terms of the mortgage to obtain a policy and to then charge the mortgagor the cost of the insurance.

## IV.    CONCLUSION

The Court DENIES Linda and Jan Van Eck's Motion to Amend Complaint (ECF No. 29).  The Court GRANTS Citizens Bank, N.A.'s Motion to Dismiss (ECF No. 11) and American Security Insurance Company's Motion to Dismiss Plaintiff's Complaint (ECF No. 12).  The Court DISMISSES the Complaint with prejudice.

SO ORDERED

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 18th day of April, 2023

14